**REVERSE and REMAND; Opinion Filed June 25, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01220-CV

**MAC 23, INC. AND ARCABABA, INC., Appellants**
**V.**
**STEADFAST INSURANCE COMPANY, Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-12179**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

Appellants Mac 23, Inc. and Arcababa, Inc. appeal from the trial court's turnover order and order appointing receiver. In four issues, appellants contend the order: (1) is void because it granted mandatory injunctive relief without strict compliance with the rules and statutes; (2) is void because no evidence supported it; (3) should be reversed because it set the receiver's fee without the benefit of evidence; and (4) should be reversed because it seeks turnover of information not subject to disclosure. For the reasons set for in this opinion, we reverse and remand.

Appellee Steadfast Insurance Company entered into an agreed judgment with appellants and others[1] on July 12, 2011. Appellee later filed an application for turnover and appointment of

---

[1] The other parties are not before this Court.

a receiver in aid of judgment ("Application"). Appellee acknowledges that it failed to provide appellants with a copy of the Application. The Application was set for hearing on August 14, 2013. Appellee concedes notice of the hearing was sent to an incorrect party and not to appellants. On the date of the hearing, appellee appeared ex parte and presented the Application to the trial court. The trial court signed the order granting turnover and appointment of receiver on the same day as the hearing and issued its findings of fact and conclusions of law on September 13, 2013.

In its first issue, appellants argue the trial court erred because they received no notice. In its brief on appeal, appellee acknowledges that, even though the Application and notice of hearing represented to the trial court that appellants had been given notice by appellee, appellee failed to provide notice to appellants. Appellee, therefore, asks this Court to set aside the turnover order and appointment of receiver for failure to provide notice as represented to the trial court.

In light of this concession, we reverse the order of the trial court and remand for further proceedings. TEX. R. APP. P. 43.2. We need not address appellant's other issues.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

131220F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MAC 23, INC. AND ARCABABA, INC.,
Appellants

No. 05-13-01220-CV     V.

STEADFAST INSURANCE COMPANY,
Appellee

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-12179.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers
participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings.
     It is **ORDERED** that appellants MAC 23, INC. AND ARCABABA, INC. recover their costs of this appeal from appellee STEADFAST INSURANCE COMPANY.

Judgment entered this 25th day of June, 2014.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE